# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MICHAEL MAKRIS,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0358** (BOR Appeal No. 2052283)
(Claim No. 2013031012)

**CITY OF WHEELING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Makris, by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Wheeling, by Denise Pentino, its attorney, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 3% permanent partial disability award on June 16, 2016. The Office of Judges affirmed the decision in its October 30, 2017, Order. The Order was affirmed by the Board of Review on March 26, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Makris, a police officer, was injured in a car accident in the course of his employment on May 13, 2013. The claims administrator initially held the claim compensable for head injury, neck sprain/strain, and abrasion/friction burn. The conditions of thoracic strain, right hip contusion, contusion of the left index finger, and sprain of the left index finger were later added as compensable conditions.

A December 16, 2015, treatment note by Zaveen Kureishy, M.D., Mr. Makris's treating physician, indicates he was seen for his annual physical. It was noted that he had a prior history

1

of surgeries on his neck, right arm, right elbow, right shoulder, and right thumb. He denied limited range of motion and his neurological and physical examinations were normal. Mr. Makris was again seen by Dr. Kureishy on February 12, 2016. It was noted that he had fallen and was reporting pain in his lower back, right kidney, and right thoracic spine. Dr. Kureishy diagnosed right-sided low back pain and right flank pain.

Mr. Makris underwent an independent medical evaluation by Ira Ungar, M.D., on May 31, 2016. Dr. Ungar noted that Mr. Makris had returned to work as a police officer without restrictions. Physical examination showed normal range of motion in the cervical spine and right hip. There was decreased range of motion in the left index finger. Mr. Makris was found to be at maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed 1993), Dr. Ungar assessed 3% impairment for range of motion deficits in the left index finger. Based upon his recommendation, the claims administrator granted Mr. Makris a 3% permanent partial disability award on June 16, 2016.

On March 27, 2017, Kevin Trangle, M.D., performed an independent medical evaluation of Mr. Makris in which he noted complaints of dizziness, lack of balance, and pain in the right hip and left elbow. Mr. Makris was found to have reached maximum medical improvement. Dr. Trangle assessed 3% impairment for dizziness and lack of balance, 5% for range of motion deficits in the left index finger, 4% for range of motion deficits in the right hip, and 5% for the cervical spine. The combined total was 17% impairment.

Mr. Makris was treated by Dr. Kureishy on March 21, 2017, and the treatment note indicates the visit was for a regular checkup. His only complaint was an oddly colored mole. Physical examination of the cervical spine was normal. Mr. Makris returned to Dr. Kureishy on May 3, 2017, for a diabetes checkup. At that time, he specifically denied trouble with his gait. Physical examination showed normal range of motion of the cervical spine.

The Office of Judges affirmed the claims administrator's grant of a 3% permanent partial disability award in its October 30, 2017, Order. It found that Dr. Trangle's independent medical evaluation does not offer a reliable or accurate assessment of Mr. Makris's impairment. First, he found 3% impairment for loss of balance and dizziness despite the fact that the medical evidence of record shows no indication of a central nervous system injury that would produce such symptoms. Also, neither condition is a compensable component of the claim. Further, Dr. Trangle provided no objective clinical findings in support of his impairment recommendation. The Office of Judges also found that his own clinical findings fail to support his assigned impairment rating. Specifically, his evaluation showed no evidence of gait abnormality, lower extremity atrophy, lower extremity sensory issues, lower extremity motor abnormalities, or asymmetric reflexes in the lower extremities. Finally, the Office of Judges determined that Dr. Trangle's findings were not consistent with the findings of the treating physician, Dr. Kureishy. Dr. Kureishy's medical notes from December of 2015 through May of 2017 show no evidence of gait abnormality or abnormalities in lower extremity sensation, motor function, or reflexes. In fact, Mr. Makris denied any problems with his gait in 2016 and 2017.

The Office of Judges next looked at Dr. Trangle's cervical spine impairment recommendation of 5%. It found that the evidence did not support the findings. Dr. Kureishy's medical records from February of 2016 through May of 2017 indicate Mr. Makris had normal cervical spine range of motion. This was supported by the treatment notes of Dr. Ungar, who also found no cervical range of motion issues. The Office of Judges further determined that Dr. Trangle failed to follow West Virginia Code of State Rules § 85-20 (2006) when making his recommendation. Specifically, West Virginia Code of State Rules § 85-20 requires the use of range of motion to determine impairment. Dr. Trangle used the diagnosis related estimate model of impairment rather than range of motion.

Removing Dr. Trangle's independent medical evaluation from consideration, Dr. Ungar's report was the only one of record remaining. He recommended 3% impairment for left index finger range of motion deficits. The Office of Judges found that his assessment was based upon a proper application of the American Medical Association's *Guides* and was supported by the treatment notes of Dr. Kureishy. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 26, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Trangle's evaluation is not supported by the evidence of record and does not comply with the requirements set forth in West Virginia Code of State Rules § 85-20. Dr. Ungar's evaluation was supported by the evidence of record and complied with the requirements of West Virginia Code of State Rules § 85-20.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.